1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CATHY PACILLI,** | **CV-F-05-1095 OWW SMS** |
| **Plaintiff,** | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 11)** |
| **v.** | |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | |
| **Defendant.** | |

## I.   INTRODUCTION

United States Department of Veterans Affairs ("Defendant") moves to dismiss the complaint of Cathy Pacilli ("Plaintiff") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 11, filed April 17, 2006.)  Plaintiff opposes the motion.  (Doc. 14, filed May 12, 2006.)

## II. FACTUAL AND PROCEDURAL HISTORY

On August 25, 2005, Plaintiff filed this lawsuit against Defendant, her former employer, alleging she had been mistreated during her employment.  She seeks money damages.

Plaintiff's complaint alleges as follows.  (See Doc. 1, Compl.)  Defendant employed Plaintiff in the psychiatric ward of

**1**

a hospital for veterans in Fresno, California.  (Id. at 1:18-19.)
In 2003, Plaintiff became concerned that administering the drug
Bupernex to patients addicted to heroin, morphine, and methadone
was dangerous and unlawful.  (Id. at 1:22-27.)  She was concerned
that such use could result in injury or death to patients.  (Id.
at 1:25-27.)

Plaintiff stated her concerns to members of Defendant's
staff, including supervisors of administrative personnel.  (Id.
at 2:1-3.)  Before Plaintiff raised her concerns, her job
performance and reviews were exemplary.  (Id. at 2:12-13.)  After
Plaintiff complained, a supervisor and other members of the
medical staff began harassing her.  (Id. at 2:6-11.)  The
harassment included hostile meetings, in which supervisors and
staff accused her of poor performance, insubordination, and
attempting to undermine the authority of the supervisory staff.
(Id.)  Defendant's supervisory employees began informally
investigating Plaintiff to determine whether she should be
disciplined.  (Id. at 2:14-17.)

Defendant, at some point, engaged in a course of conduct
directed to defame and shame her.  (Id. at 3:6-10.)  The
defamation included disparagement of her character in the
community, including her mental and emotional stability, her
ability to function as an employee, and her ability to function
in a work environment.  (Id.)

On October 3, 2003, security personnel met Plaintiff as she
arrived for work and told her she could not enter the premises.
(Id. at 2:18-19.)  They told her an investigation was underway
and that she might be allowed to return to work when it was

**2**

1   completed.  (Id. at 2:19-20.)  During October, November, and

2   December of 2003, Plaintiff was informed that her employment was

3   uncertain and an investigation was ongoing.  (Id. at 2:21-23.)

4   Based on economic necessity, Defendant's harassment, threats of

5   termination, and a fear of further sanctions stemming from the

6   investigation, Plaintiff terminated her employment with Defendant

7   and sought alternative employment.  (Id. at 2:24-28.)

8       Defendant has moved to dismiss Plaintiff's complaint for

9   lack of subject matter jurisdiction and failure to state a claim

10  on which relief can be granted.  (Doc. 11.)  Defendant contends

11  that the United States has not waived its sovereign immunity over

12  Plaintiff's claims based on reprisals for whistleblowing

13  activity, tort law, and the United States Constitution.  (Id. at

14  8:11-13:15.)  Defendant also argues that Plaintiff has failed to

15  state a cause of action for defamation.  (*Id.*)

16      Plaintiff's opposition argues that Defendant is estopped

17  from asserting that sovereign immunity bars Plaintiff's claims

18  because of certain representations a member of the Office of

19  Special Counsel made to her.  (Doc. 14 at 1:26-2:3.)  Plaintiff

20  also claims that she can amend her complaint to state other

21  claims over which this court will have subject matter

22  jurisdiction.  (*Id.* at 2:4-13.)

23      On May 22, 2006, the motion was heard.  Plaintiff and her

24  counsel of record did not attend.  In counsel's place, another

25  lawyer appeared who was not prepared to discuss the merits of the

26  motion.  The court directed Plaintiff to file a supplemental

27  brief, no later than June 1, 2006, explaining why this court has

28  subject matter jurisdiction over Plaintiff's claims.  Plaintiff

**3**

1   has filed no additional briefing.

2

3                    **III.   STANDARD OF REVIEW**

4         A motion to dismiss for lack of subject matter jurisdiction

5   places the burden on the plaintiff to prove that the court has

6   jurisdiction to decide the claim.   Thornhill Pub. Co. v. Gen.

7   Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

8   Challenges to subject matter jurisdiction under Rule 12(b)(1)

9   come in two forms:  facial or factual.   White v. Lee, 227 F.3d

10  1214, 1242 (9th Cir. 2000).   "In a facial attack, the challenger

11  asserts that the allegations contained in a complaint are

12  insufficient on their face to invoke federal jurisdiction."   Safe

13  Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

14  In a factual attack on subject matter jurisdiction, "the

15  challenger disputes the truth of the allegations that, by

16  themselves, would otherwise invoke federal jurisdiction."   Id.

17  Where the defendant makes a factual attack on jurisdiction, the

18  district court can properly review evidence beyond the face of

19  the complaint without converting the motion into a motion for

20  summary judgment.   Id.   "If the moving party converts 'the motion

21  to dismiss into a factual motion by presenting affidavits or

22  other evidence properly brought before the court, the party

23  opposing the motion must furnish affidavits or other evidence

24  necessary to satisfy its burden of establishing subject matter

25  jurisdiction.'"   Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.

26  2004).   Where a court evaluates a factual attack, "[n]o

27  presumptive truthfulness attaches to plaintiff's allegations, and

28  the existence of disputed material facts will not preclude the

                              **4**

1  trial court from evaluating for itself the merits of the

2  jurisdictional claims." Thornhill, 594 F.2d at 733. Here,

3  Defendant relies on extrinsic evidence in the form of the

4  declaration of Donald Philips. Plaintiff does not dispute that

5  the motion is a factual attack on subject matter jurisdiction.

6  Nor does Plaintiff provide any affidavits or other evidence

7  supporting the court's subject matter jurisdiction

8      "The doctrine of sovereign immunity precludes suit against

9  the United States without the consent of Congress; the terms of

10 its consent define the extent of the court's jurisdiction."

11 Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 592

12 (9th Cir. 1990). Sovereign immunity extends to the United States

13 government as well as its agencies. FDIC v. Meyer, 510 U.S. 471,

14 475 (1994). A waiver of the United States' immunity "'cannot be

15 implied but must be unequivocally expressed.'" Cato v. United

16 States, 70 F.3d 1103, 1107 (9th Cir. 1995) (quoting United States

17 v. Mitchell, 445 U.S. 535, 538 (1983)). The plaintiff bears the

18 burden of demonstrating an unequivocal waiver. Id.

19

20              **IV.   LEGAL ANALYSIS**

21      **A.   Plaintiff's Showing**

22          **1.   Waiver By Estoppel**

23      Plaintiff only states one ground for subject matter

24 jurisdiction in her three-page opposition. Plaintiff contends

25 that Defendant is estoped from asserting that she has failed to

26 exhaust administrative remedies because a member of the Office of

27 Special Counsel ("OSC") advised her she could sue in this court.

28      Neither the government's attorney nor an officer of the

**5**

1  United States may waive sovereign immunity.  Shaw v. United

2  States, 213 F.3d 545, 549 n.5 (10th Cir. 2000); United States v.

3  Richman (In re Talbot), 124 F.3d 1201, 1205 (10th Cir. 1997); see

4  Lane v. Pena, 518 U.S. 187, 192 (1996).  Plaintiff has not cited,

5  nor is there, any statute by which Congress has "unequivocally

6  expressed" an intent to bestow upon the OSC the authority to

7  waive the United States' sovereign immunity.  See Cato, 70 F.3d

8  at 1107.  Without an unequivocal statutory waiver, any

9  representations by government officers are irrelevant. See Shaw,

10 213 F.3d at 549 n.5; Lane, 518 U.S. at 192.

11      Even if the OSC had the authority to waive the United

12 States' immunity, Plaintiff has not met her burden of

13 demonstrating that the alleged representation occurred.  As

14 Defendant has presented the declaration of Donald Philips

15 demonstrating that Plaintiff never filed and pursued the

16 requisite claim nor did she administratively exhaust her claims,

17 Plaintiff now bears the burden to establish subject matter

18 jurisdiction through her own affidavits or other evidence.

19 Wolfe, 392 F.3d at 362.

20              **2.  Unpled Claims**

21      Plaintiff does not dispute Defendant's characterization of

22 her claims.  In her opposition, Plaintiff emphasizes that she can

23 amend her complaint to state claims for constructive termination

24 based on protected speech activities, civil conspiracy, the First

25 Amendment, and due process, and claims under the California Labor

26 Code.  Plaintiff's unsupported assertion that such unpled claims

27 fall under this court's subject matter jurisdiction does not meet

28 her burden to defeat Defendant's motion to dismiss.  See

**6**

1  Thornhill, 594 F.2d at 733.

2

3       **B.   <u>Whistleblower Protection Act</u>**

4       Defendant contends that this court lacks subject matter

5  jurisdiction over Plaintiff's claims based on Defendant's alleged

6  reprisals for whistleblowing activity.  The Whistleblower

7  Protection Act of 1989 (the "WPA") protects federal agency

8  employees from reprisals for whistleblowing activity, such as

9  "disclosing illegal conduct, gross mismanagement, gross wasting

10 of funds, or actions presenting substantial dangers to health and

11 safety."  Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002)

12 (citing 5 U.S.C. § 2302(b)(8)).  An employee claiming to have

13 suffered an unlawful reprisal must bring her claim to the OSC,

14 which then investigates the complaint.  Id. (citing 5 U.S.C.

15 § 1214).  Following the OSC investigation, the claim can proceed

16 to the Merit Systems Protection Board (the "MSPB"), either with

17 or without the support of the OSC.  Id.; see 5 U.S.C. §§ 1221,

18 1214(a)(3).

19      If the MSPB issues an initial decision that is unfavorable

20 to the claimant, she has two options.  First, before the initial

21 decision becomes final, the claimant may file a petition for

22 review of the initial decision with the MSPB.  See Philips Decl.

23 Ex. A at 4.  After the initial decision becomes final, the

24 claimant's only remedy is to appeal the MSPB decision to the

25 Court of Appeals for the Federal Circuit.  Stella, 284 F.3d at

26 142 (citing 5 U.S.C. § 7703).  Such an appeal must be filed

27 within 60 days after the claimant receives notice of the MSPB's

28 order.  5 U.S.C. § 7703(b)(1).  "Under no circumstances does the

**7**

1   WPA grant the District Court jurisdiction to entertain a
2   whistle-blower cause of action brought directly before it in the
3   first instance."  Stella, 284 F.3d at 142.

4        Plaintiff does not object to Defendant's characterization of
5   her harassment and termination claims as claims under the WPA.
6   Nor does she dispute the evidence Defendant submitted regarding
7   her WPA claim.

8        The MSPB dismissed Plaintiff's claims in their entirety in
9   its initial decision issued October 6, 2005.  Philips Decl. Ex.
10  A.  This decision became final on November 10, 2005, because
11  Plaintiff did not file a petition for review.  Philips Decl. ¶ 4.
12  Plaintiff has not filed an appeal to the Federal Circuit.
13  Philips Decl. ¶ 5.  The WPA does not permit Plaintiff to file her
14  claim in this court.  See Stella, 284 F.3d at 142.  The United
15  States' waiver of sovereign immunity permits Plaintiff to proceed
16  only in the manner the statute specifies.  See Cato, 70 F.3d at
17  1107.  Accordingly, this court lacks subject matter jurisdiction
18  over plaintiff's WPA claims.

19

20       **C.   Tort Claims**

21       Defendant argues that Plaintiff's tort claims are infirm
22  because she failed to comply with the Federal Tort Claims Act, 28
23  U.S.C. § 1346(b) (the "FTCA").  The FTCA is a limited waiver of
24  the United States' sovereign immunity that authorizes certain
25  civil tort suits against the government for monetary damages.
26  Vickers v. United States, 228 F.3d 944, 948 (9th Cir. 2000); see
27  28 U.S.C. §§ 2671-2680.  Compliance with the FTCA scheme allows a
28  plaintiff to bring:

**8**

1
2
                      claims for damages for injury or loss of
                      property, or personal injury or death caused
3
                      by the negligent or wrongful act or omission
of any employee of the Government while acting within the scope
of his office or employment, under circumstances where the United
4
States, if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission
5
occurred.

6   Vickers, 228 F.3d at 948-49.  Congress designed the FTCA to

7   "prevent judicial 'second guessing' of legislative and

8   administrative decisions grounded in social, economic and

9   political policy through the medium of an action in tort."  Id.

10  at 949 (citing United States v. Gaubert, 499 U.S. 315, 323

11  (1991)).

12      A tort claim against the United States is "forever barred"

13  unless the plaintiff has presented the claim in writing to the

14  agency within two years after the claim accrues.  28 U.S.C.

15  § 2401(b).  The plaintiff may proceed with a claim in court only

16  after the agency has issued its final denial or has failed to act

17  on a claim within six months of its submission.  Id.  Where a

18  plaintiff files a suit without presenting the claim to the

19  agency, the claim is subject to dismissal for lack of subject

20  matter jurisdiction as the administrative claim requirement of 28

21  U.S.C. § 2675(a) is jurisdictional.  Flamingo Indus. v. U.S.

22  Postal Serv., 302 F.3d 985, 995 (9th Cir. 2002), rev'd on other

23  grounds, 540 U.S. 736 (2004).

24      Plaintiff does not contend that there is a basis for subject

25  matter jurisdiction over her tort claims other than the FTCA.  To

26  comply with the FTCA, Plaintiff was required to submit an "SF 95"

27  form to Defendant's Regional Counsel.  See 38 C.F.R. § 14.604(a);

28  Philips Decl. ¶ 6.  Defendant filed the declaration of Donald

1  Philips, a member of Defendant's office of Regional Counsel in

2  San Francisco, California.  Mr. Philips stated that any claim the

3  Plaintiff filed would have been "delivered to and processed by

4  our office."  Philips Decl. ¶ 6.  The Regional Office has

5  received no such claim.  Id.  Plaintiff does not contend that she

6  submitted an SF 95 form or provided any other written notice of

7  any tort claim to Defendant before bringing this lawsuit.  The

8  evidence that Defendant presented indicating that Plaintiff has

9  failed to comply with the FTCA, combined with Plaintiff's failure

10 to present any contrary evidence, requires that Plaintiff's tort

11 claims be dismissed.  See Flamingo, 302 F.3d at 995 (affirming

12 district court's dismissal of tort claim based on declaration of

13 agency official that the claim was unexhausted and plaintiff's

14 failure to proffer evidence to the contrary).  Accordingly,

15 Plaintiff's tort claims are dismissed for lack of subject matter

16 jurisdiction.[1]

17

18      **D.   Constitutional Claims**

19      Plaintiff's complaint seeks damages for infringement of her

20 due process and First Amendment rights.  Where the basis for

21 alleged constitutional rights violations arises out of alleged

22 tortious conduct, the claims cannot survive failure to satisfy

23 the FTCA.  Roundtree v. United States, 40 F.3d 1036, 1038 (9th

24 Cir. 1994).  Because Plaintiff has failed to satisfy the FTCA,

25

26      [1]    The court also lacks subject matter jurisdiction over
27 any claims against the United States for libel, slander, or
   misrepresentation.  28 U.S.C. 2680(h); *Siegert v. Gilley*, 500
28 U.S. 226, 233 (1991).

**10**

1  Plaintiff's claims for violations of her constitutional rights
2  are dismissed for lack of subject matter jurisdiction.

3

4          **E.   Administrative Procedure Act**

5          The Administrative Procedure Act, 5 U.S.C. § 702 et seq.
6  (the "APA"), waives sovereign immunity for actions against the
7  United States and its agencies brought under federal question
8  jurisdiction to the extent that relief other than monetary
9  damages is sought.  Blue v. Widnall, 162 F.3d 541, 544-45 (9th
10 Cir. 1998); see 5 U.S.C. § 702.

11         The complaint does not seek relief other than money damages,
12 though it does request "[a]ny further relief the Court deems
13 proper."  (Doc. 1, Compl. at 3:19.)  Plaintiff did not express in
14 her opposition her intent to seek relief other than money
15 damages.  Even if Plaintiff were to seek nonmonetary relief
16 related to the personnel actions she faced, the APA would not
17 confer jurisdiction over her claim.  This is because "the general
18 judicial review provisions of the APA never confer jurisdiction
19 to review federal personnel actions."  Blue, 162 F.3d at 545.
20 The Ninth Circuit has concluded that the Civil Service Reform Act
21 of 1978 evinces Congress's intent to preclude such judicial
22 review under other provisions.  Id.; see Veit v. Heckler, 746
23 F.2d 508, 509-10 (9th Cir. 1984); 5 U.S.C. §§ 4301-4305,
24 5401-5405.  Therefore, the APA does not demonstrate that Congress
25 has waived sovereign immunity regarding Plaintiff's
26 constitutional claims.

27

28

**11**

## V.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the action for lack of subject matter jurisdiction (Doc. 11) is **GRANTED**.


**SO ORDERED.**

**Dated: July 31, 2006**

**/s/ OLIVER W. WANGER**

_____
**Oliver W. Wanger**
**UNITED STATES DISTRICT JUDGE**

**12**